23 C.C.P.A.(Patents)

### In re McKEE.

### Patent Appeal No. 3622.

Court of Customs and Patent Appeals.
June 1, 1936.

Roy W. Johns, of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner rejecting appellant's application for a patent upon the ground that the sole claim in the application was unpatentable in view of the cited prior art.

The involved claim is No. 8, and reads as follows: "8. The method of wrapping meat which comprises first freezing the product and then wrapping in a transparent non-adherent material substantially impervious to air and moisture and then enclosing the whole in an elastic stockinette fabric covering adapted to exert a constant gentle pressure over all surfaces of the product and bring the inner wrapping in intimate contact with the entire surface of the product."

The references cited are:

Brace, 200,248, February 12, 1878.
Mitchell, 654,118, July 17, 1900.
Birdseye, 1,924,903, August 29, 1933.
Butterwith (Brit.) 23,486, of 1902.

The alleged invention relates to a method of wrapping meat and is sufficiently described in the claim above quoted.

The patent to Brace relates to preserving meats and discloses wrapping the meat in paper and then inclosing it in a tight-fitting muslin or canvas sack. The entire package is then hermetically sealed by a coating of asphaltum.

The patent to Mitchell relates to a process of coating meats, especially hams and bacon, in which the article is first wrapped in tissue prepared to resist moisture, following which there is drawn over the article a cotton fabric consisting of a sleeve or envelop of finely knitted material.

The patent to Birdseye relates to consumer packages for use in the distribution and storage of meat products. It discloses, among other things, a leg of lamb wrapped in a cellulose lining, or other thin, transparent, flexible, substantially moisture-proof material, and inclosed in a woven covering of textile material. The patent states: "* * * I have found stockinet particularly well suited for the requirements of the case but any loosely woven, somewhat elastic and self-conforming textile material would serve as well. * * *"

A glaze is then formed on the exterior of the package, after which the entire package is frozen.

The patent further states:

"* * * By using a thin flexible transparent material, such as sheet cellulose, for the first wrapper and surrounding this by a yielding textile covering, I am enabled to bring the inner wrapper into intimate contact with the soft moist surface of the meat product, causing the wrapper to adhere thereto without the interposition of air spaces, so that in the subsequent freezing operation the transparent wrapper is frozen directly to the meat product. It thus becomes substantially invisible so that the consumer may inspect the appearance of the product and the identifying marks which it may carry. This contributes largely to the salability of the complete package and is an important advantage incident to my invention.

"It will furthermore be noted that by wrapping the soft moist product in unfrozen condition, less wrapping material is required on account of its yielding character and that the labor and skill of applying the wrapper is less than would be required in the wrapping of a rigid product. I contemplate, therefore, wrapping the product in an unfrozen or only partially frozen condition, and complete the package by a freezing operation."

The British patent to Butterwith relates to a preservative covering for articles of food and the like. The article is wrapped in vegetable parchment and then inclosed in a wrapping or envelope of woven fabric.

The examiner rejected the claim for lack of invention over each of the patents to Brace, Mitchell, and Butterwith, and also rejected the claim on the patent to Birdseye.

The Board of Appeals affirmed the decision of the examiner. Both the examiner and the board relied mainly on the patent to Birdseye in the rejection of the claim, holding that freezing the meat before wrapping, as disclosed by appellant,

instead of after wrapping, as disclosed by Birdseye, did not involve invention.

Birdseye clearly discloses all of the steps in appellant's process, but not in the same order. While it is true that a change in the order of steps in a process may involve invention, we are in agreement with the Patent Office tribunals that invention was not involved in the case at bar in freezing the meat before wrapping. While it is true that Birdseye states that there are certain advantages in freezing the meat after wrapping, which advantages are named in the patent, there is nothing in the patent to indicate that freezing before wrapping would be detrimental. It seems to us that a farmer who, after slaughtering in the early winter, had a quantity of frozen hams, and wished to prevent their dehydration or desiccation before curing, might well have employed the Birdseye method except that he naturally would not thaw out the hams before applying the method of wrapping taught by Birdseye, and would wrap them exactly as is proposed in appellant's claim. It is clear to us that there would be no invention in so doing.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed. .